IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES PRESTON SMITH and
MICHAEL WAYNE BEARMAN,

        Plaintiffs,

   vs.                     CIVIL ACTION
                             No. 05-3269-SAC

UNITED STATES, et al.,

        Defendants.

**ORDER**

This matter is before the court on a civil rights action filed by two federal prisoners. By an order entered on July 13, 2005, the court granted the plaintiffs thirty days to supplement the record with financial records and to demonstrate their use of the administrative remedy procedure.

Plaintiff Bearman submitted a motion for leave to proceed in forma pauperis (Doc. 7) and a motion to bypass administrative remedy (Doc. 8), and plaintiff Smith filed a response (Doc. 4), a motion for clarification and objections to medical experimentation (Doc. 5), a motion for judge's seal (Doc. 6), and a supplement to the complaint (Doc. 9).

**Discussion**

The Prison Litigation Reform Act of 1996 amended 42 U.S.C. § 1997e(a) to provide that "[N]o action shall be brought with respect to prison conditions under ... any ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Federal regulations provide a three-tiered formal administrative remedy procedure for federal prisoners. See 28 C.F.R. § 542.10-.19.

In the Tenth Circuit, the plaintiff has the burden of pleading exhaustion of administrative remedies, and "a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003).

The plaintiffs claim in this action they have been unconstitutionally denied access to certain magazines. In order to proceed on that claim, they must demonstrate it was presented to prison officials through the full administrative remedy procedure.

The materials supplied by plaintiff Smith in response to

2

the court's order do not address the claim. The response by plaintiff Bearman (Doc. 8) states that he asked a counselor for a remedy form on June 22, 2005, and was advised the counselor did not have one; that he asked his case manager for a form on June 29, 2005, and was told to contact his counselor; and that he approached Warden Gallegos on his rounds and was told to request the form from another staff member (Doc. 8). These efforts, however, followed the filing of this action on June 14, 2005, and do not suggest the plaintiffs made reasonable efforts to exhaust administrative remedies before filing this action. See Steele, 355 F.3d at 1207("the substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court")(internal quotation and citation omitted).

Having considered the record, the court finds the plaintiffs have not made an adequate showing of their attempts to use the administrative remedy procedure. The court therefore dismisses this matter without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice due to plaintiffs' failure to exhaust available administrative remedies.

IT IS FURTHER ORDERED plaintiffs' motions for leave to

proceed in forma pauperis (Docs. 2 and 7), to clarify (Doc. 5), and for order (Doc. 6) are denied as moot.

A copy of this order shall be transmitted to the plaintiffs.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 7th day of December, 2005.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge